IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| THERESA BISLUK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 09-3080 |
| | ) | |
| BRIAN HAMER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter is before the Court on Defendant Rod Blagojevich's Motion to Dismiss Plaintiff's Complaint (d/e 21). Plaintiff Bisluk holds a Liquor Control Special Agent I position with the Illinois Liquor Control Commission (the Commission). Plaintiff's nine-count Complaint (d/e 1), naming eight Defendants, alleges that her constitutional rights were violated when she was denied a geographic job transfer. Count V of the Complaint alleges a First Amendment claim against Defendant Rod Blagojevich, the former Governor of the State of Illinois.[1]  Blagojevich seeks an order

---

[1]Bisluk concedes that "she is making no claim of gender discrimination against Blagojevich." Memorandum of the Plaintiff, Theresa Bisluk, in Opposition to the Motion to Dismiss of the Defendant, Rod Blagojevich (d/e 33) (Bisluk's Opposition), p.

1

dismissing Count V with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6). For the reasons set forth below, Blagojevich's Motion to Dismiss is allowed, in part. Count V is dismissed without prejudice, and Bisluk's request for leave to file an amended complaint is allowed.

## BACKGROUND

For purposes of this Motion, the Court must accept as true all well-pleaded factual allegations contained in the Complaint and draw all inferences in the light most favorable to Plaintiff Bisluk. <u>Hager v. City of West Peoria</u>, 84 F.3d 865, 868-69 (7th Cir. 1996); <u>Covington Court, Ltd. v. Village of Oak Brook</u>, 77 F.3d 177, 178 (7th Cir. 1996). Thus, the following facts are taken from the allegations of the Complaint.

Bisluk is a Republican who has actively supported candidates running for elected office as Republicans. Blagojevich is a Democrat and was elected Governor as a Democrat. Bisluk is employed as a Liquor Control Special Agent I with the Commission, which is a division of the Illinois Department of Revenue. Employees holding Liquor Control Special Agent I positions and Liquor Control Special Agent II positions are responsible for enforcing

---

7.

liquor control laws and are assigned duties within a specific geographic region of the state of Illinois. Bisluk alleges that at all relevant times, the duties and responsibilities of the Liquor Control Special Agent I position "were generally the same as those performed by a Liquor Control Special Agent II." Complaint, ¶ 24. According to Bisluk, neither position had either policymaking responsibility or responsibilities that required a confidential relationship with a policymaking official.

From time to time, when a Liquor Control Special Agent II position became vacant, the geographic location of the position would be moved to another part of the state, in close proximity to the residence of the individual selected to fill the position. In such circumstances, a Liquor Control Special Agent I would be appointed to serve the territory previously served by a Liquor Control Special Agent II. Bisluk alleges that "it was common . . . to have the same geographic region served alternatively by both a Liquor Control Special Agent I and a Liquor Control Special Agent II." Complaint, ¶ 27.

Throughout her employment with the Liquor Control Commission, Bisluk has been assigned work responsibilities in Cook County or counties adjacent to Cook County. In Fall 2006, Bisluk became aware that an

3

individual holding the position of Liquor Control Special Agent II in the metro-east area of southern Illinois was going to retire sometime during the year 2007. Bisluk informed her supervisor that she would like to transfer from Cook County to the region that would be vacant after the anticipated retirement. Bisluk alleges that her supervisor made inquiries with various officials in the Commission and then informed Bisluk "that her transfer request could be approved." Complaint, ¶ 30. Bisluk subsequently "acquired real property and relocated her residence to southern Illinois." Id., ¶ 32.

The anticipated retirement occurred in 2007. At that point, the vacant Liquor Control Special Agent II position was assigned to a male and relocated to Adams County, Illinois, leaving the metro-east region vacant. Bisluk informed various officials of the Commission that she was interested in transferring to that region. She was informed that the transfer could not be effected until a vacancy was announced for such a position. Bisluk monitored vacancy announcements for either a Liquor Control Special Agent I or Liquor Control Special Agent II position in southern Illinois, but no such announcement was made. Bisluk alleges that during the relevant time period, male Liquor Control Special Agents who were active supporters

of the Democratic Party or who had secured their positions with the assistance of individuals who were Blagojevich supporters were allowed to transfer to geographic regions closer to the place of their residence. Bisluk alleges that, from time to time, she "made attempts to inquire with the Defendant, Pat Welch, about her ability to transfer to the [desired] geographic region." Complaint, ¶ 37. According to Bisluk, each time, Welch failed to respond to her inquiry.

On May 16, 2008, a Liquor Control Special Agent II position was filled by Becky McClure in approximately the same region that Bisluk had been seeking to transfer. McClure had not previously been employed by the state of Illinois. According to Bisluk, the Liquor Control Special Agent II position filled by McClure had previously been located in Cook County. Bisluk alleges that McClure is a Democrat and that, prior to her assignment to the Liquor Control Special Agent II position, McClure held an elective position in Randolph County, Illinois. Bisluk further asserts that McClure secured her position with the support and assistance of individuals who were political supporters of Blagojevich. According to Bisluk, McClure was less qualified to hold the position that was awarded to her than Bisluk was.

Count V alleges that Defendant Blagojevich "participated in denying"

Bisluk reassignment to the desired geographic location. <u>Complaint</u>, p. 15, ¶ 43.[2] Bisluk alleges that, at the same time, Blagojevich: (1) permitted other Liquor Control Special Agents to transfer to geographic regions closer to their residences and (2) participated in hiring McClure. <u>Id</u>. According to Bisluk, these actions were undertaken in order to award individuals who were either politically loyal to Blagojevich or supported by individuals who supported Blagojevich. Bisluk was neither a political supporter of Blagojevich nor supported by individuals who had supported Blagojevich. Bisluk seeks a declaratory judgment, an injunction requiring Defendants to assign her to the region to which she sought reassignment, and monetary damages. Blagojevich is being sued both in his individual capacity and, "for purposes of implementing equitable relief," in his official capacity. <u>Complaint</u>, ¶ 7.

## ANALYSIS

Blagojevich seeks dismissal of Count V for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim

---

[2]Paragraphs 1 through 41 are common to all Counts of the Complaint; however, each Count of the Complaint begins with a paragraph numbered 42, causing overlap. For clarity, the Court will cite to paragraphs greater than 41 by page and paragraph number.

under Rule 12(b)(6). As set forth below, the claims against Blagojevich in his official capacity are dismissed pursuant to Rule 12(b)(1), and the claims against Blagojevich in his individual capacity are dismissed pursuant to Rule 12(b)(6).

I.      FEDERAL RULE OF CIVIL PROCEDURE 12(b)(1)

Blagojevich asserts that the official capacity claims in Count V should be dismissed for lack of subject matter jurisdiction based on Eleventh Amendment immunity. See Fed. R. Civ. P. 12(b)(1). Generally, the Eleventh Amendment bars an action in federal court against a state, its agencies, or its officials in their official capacity. See Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100-02 (1984). This is because, for purposes of sovereign immunity, "a suit against a state official in his or her official capacity is . . . no different from a suit against the State itself." Will v. Mich. Dept. of State Police, 491 U.S. 58, 71 (1989). In the instant matter, Blagojevich is being sued in his official capacity for purposes of implementing equitable relief. This type of suit falls under the expressly recognized Ex Parte Young exception to Eleventh Amendment immunity, which allows a suit against a state in federal court when a state official is sued for prospective equitable relief. Ex Parte Young, 209 U.S. 123, 159-60

(1908). However, Blagojevich is no longer the Governor of Illinois, and he no longer has the authority to provide the equitable relief sought. Bisluk concedes that Blagojevich can no longer be sued in his official capacity. Bisluk Opposition, p. 2, n.2. Therefore, Bisluk's claims against Blagojevich in his official capacity are dismissed for lack of subject matter jurisdiction.

II.     FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)

Blagojevich asserts that Count V should be dismissed for failure to state a claim. See Fed. R. Civ. P. 12(b)(6). To withstand the Motion to Dismiss, Count V, viewed in the light most favorable to Bisluk, must set forth a short and plain statement showing that Bisluk is entitled to relief. Fed. R. Civ. P. 8(a); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 559-63 (2007); Airborne Beepers & Video, Inc. v. AT & T Mobility LLC, 499 F.3d 663 (7th Cir. 2007). The allegations must plausibly suggest that Bisluk is entitled to relief. Twombly, 550 U.S. at 569 n.14. "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). As the Supreme Court has recognized, "Determining whether a complaint states a plausible claim for

relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950.

The doctrine of respondeat superior does not apply in § 1983 cases. Sanville v. McCaughtry, 266 F.3d 724, 740 (7th Cir. 2001). Thus, to succeed on Count V against Blagojevich in his individual capacity, Bisluk must establish that Blagojevich was personally involved or acquiesced in the alleged constitutional violation. See Gentry v. Duckworth, 65 F.3d 555, 561 (7th Cir. 1995). Bisluk alleges that Blagojevich "participated in denying" her a reassignment to her desired geographic location, permitted other Liquor Control Special Agents to transfer to geographic regions closer to their residences, and "participated in hiring" McClure. Complaint, p. 15, ¶ 43. The Court finds these allegations conclusory and insufficient to state a claim against the former Governor. While Bisluk is not required to allege specific facts, her "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. A claim is deemed "plausible" when there are "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" that supports the plaintiff's allegations. Id. at 556. Bisluk fails to meet this standard, but rather provides only threadbare allegations of the elements of her cause of action.

9

Therefore, Bisluk's claims against Blagojevich in his individual capacity are dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

Blagojevich seeks dismissal with prejudice; however, the Court does not deem such relief to be appropriate under the circumstances of the instant case. Thus, Blagojevich's Motion to Dismiss is allowed, in part. Count V is dismissed without prejudice. Bisluk, in her Opposition, asks the Court for leave to submit an amended complaint. Under Federal Rule of Civil Procedure 15(a)(2), such leave should be freely granted when justice so requires. The Court notes that Bisluk has not previously amended her Complaint. Bisluk's request to amend her Complaint is allowed.

## CONCLUSION

THEREFORE, Defendant Rod Blagojevich's Motion to Dismiss Plaintiff's Complaint (d/e 21) is ALLOWED, in part. Count V of the Complaint (d/e 1) is DISMISSED without prejudice. Bisluk's request to amend her Complaint is allowed. Bisluk is granted leave to file an amended complaint on or before February 12, 2010.

IT IS THEREFORE SO ORDERED.

ENTER:   January 27, 2010

    FOR THE COURT:

s/ Jeanne E. Scott<br>
JEANNE E. SCOTT<br>
UNITED STATES DISTRICT JUDGE