IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| THERESA BISLUK,               ) | |
|                               ) | |
|         Plaintiff,            ) | |
|                               ) | |
|    v.                         ) | No.  09-3080 |
|                               ) | |
| BRIAN HAMER, et al.,          ) | |
|                               ) | |
|         Defendants.           ) | |

OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter is before the Court on the Memorandum of the Plaintiff, Theresa Bisluk, in Opposition to the Report and Recommendation of Magistrate Judge Byron Cudmore (d/e 34) (Bisluk's Objection). Plaintiff Bisluk holds a Liquor Control Special Agent 1 position with the Illinois Liquor Control Commission. Plaintiff's nine-count Complaint (d/e 1) alleges that her constitutional rights were violated when she was denied a geographic job transfer. Count VI of the Complaint alleges a First Amendment claim against Defendant Joseph Cini, former Assistant to the Governor of the State of Illinois. On November 3, 2009, Magistrate Judge Byron Cudmore issued a Report and Recommendation (d/e 32),

1

recommending that Bisluk's Complaint be dismissed for want of prosecution as to Defendant Cini based on Bisluk's failure to comply with Fed. R. Civ. P. 4(m). Bisluk then timely filed her Objection. For the reasons set forth below, Bisluk's Objection is sustained.

Bisluk filed her Complaint in April 2009. On September 2, 2009, Bisluk sought an extension of time to complete service on three Defendants, including Defendant Cini. <u>Motion for Extension of Time to Effect Service (d/e 11)</u>. The Court allowed an extension, granting Bisluk until October 1, 2009, to serve Defendants Rod Blagojevich, Joseph Cini, and Pat Welch. <u>Text Order, dated September 3, 2009</u>. On October 2, 2009, upon Motion by Bisluk, the Court extended the time to perfect service on Defendant Cini to November 1, 2009. <u>Text Order, dated October 2, 2009</u>. Bisluk failed to serve Cini within this time, and on November 3, 2009, Judge Cudmore issued the Report and Recommendation at issue here.

In addition to her Objection, Bisluk has presented the Court with an Affidavit from Plaintiff's counsel's assistant, Caren Mansfield, detailing various efforts taken to serve Cini between May 2009, and November 16, 2009. <u>Objection</u>, Ex. 1. Personal service was completed on Cini on November 16, 2009, and Bisluk has electronically filed proof of service as

directed by this Court's Text Order, dated December 3, 2009. See Summons Returned Executed (d/e 35). The record further reveals that Plaintiff's counsel was out of the office beginning on June 23, 2009, due to his wife's serious medical condition.

> Federal Rule of Civil Procedure 4(m) provides:
>
> If a defendant is not served within 120 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

The Seventh Circuit has interpreted Rule 4(m) as follows: "In other words, if good cause for the delay is shown, the court must extend the time for service, while if good cause is not shown, the court has a choice between dismissing the suit and giving the plaintiff more time . . . ." United States v. McLaughlin, 470 F.3d 698, 700 (7th Cir. 2006).

In is undisputed that Bisluk failed to serve Cini within 120 days or prior to the extended deadline of November 1, 2009. However, the Court finds that Bisluk has established good cause for the delay. Numerous unsuccessful attempts at service were made at Cini's place of employment. Plaintiff, after research, was eventually able to determine Cini's home address, and unsuccessful attempts at service were made at Cini's home at

various times during evenings and weekends. Attempts to serve Cini at work continued and were eventually successful. The Court notes that the delay is attributable in part to Cini himself, in that Cini failed to respond to messages left at his place of employment by the process server. Moreover, even if the facts described above could be construed as failing to rise to the level of good cause, the Court finds that a discretionary extension of time would be appropriate under the circumstances.

THEREFORE, the objection to the Report and Recommendation (d/e 32) set forth in the Memorandum of the Plaintiff, Theresa Bisluk, in Opposition to the Report and Recommendation of Magistrate Judge Byron Cudmore (d/e 34) is SUSTAINED. In light of the information provided in connection with the Objection, the Court declines to adopt the Report and Recommendation (d/e 32). The Court deems Bisluk's November 16, 2009, service of Cini to be timely under Rule 4(m). In an Opinion (d/e 37), dated January 27, 2010, this Court granted Bisluk leave to file an amended complaint. Defendant Joseph Cini is directed to respond to any amended complaint filed by Bisluk in accordance with Federal Rule of Civil Procedure 15(a)(3).

IT IS THEREFORE SO ORDERED.

ENTER:   January 27, 2010

    FOR THE COURT:

                                        s/ Jeanne E. Scott
                                        JEANNE E. SCOTT
                            UNITED STATES DISTRICT JUDGE