IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| THERESA BISLUK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 09-3080 |
| | ) | |
| BRIAN HAMER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter is before the Court on Defendant Rod Blagojevich's Motion to Dismiss Plaintiff's Amended Complaint (d/e 41) (Motion to Dismiss). Plaintiff Bisluk holds a Liquor Control Special Agent I position with the Illinois Liquor Control Commission (the Commission). Plaintiff originally filed a nine-count Complaint (d/e 1), naming eight Defendants, alleging that her constitutional rights were violated when she was denied a geographic job transfer. In Count V of the Complaint, Bisluk alleged a First Amendment claim against Defendant Rod Blagojevich, the former Governor of the State of Illinois. Blagojevich moved to dismiss Count V pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6). In an Opinion (d/e 37),

1

dated January 27, 2010, the Court allowed Blagojevich's Motion to Dismiss, in part, dismissing Count V without prejudice and granting Bisluk leave to file an amended complaint. Bisluk filed her First Amended Complaint (d/e 39) on February 12, 2010, again asserting a First Amendment claim against Blagojevich in Count V. Defendant Blagojevich then filed the instant Motion to Dismiss. For the reasons set forth below, the Motion to Dismiss is allowed, in part. Bisluk's claim against Blagojevich in his official capacity is dismissed. The Motion is denied in all other respects.

## BACKGROUND

For purposes of this Motion, the Court must accept as true all well-pleaded factual allegations contained in the First Amended Complaint and draw all inferences in the light most favorable to Plaintiff Bisluk. Hager v. City of West Peoria, 84 F.3d 865, 868-69 (7th Cir. 1996); Covington Court, Ltd. v. Village of Oak Brook, 77 F.3d 177, 178 (7th Cir. 1996). Thus, the following facts are taken from the allegations of the First Amended Complaint.

Bisluk is a Republican who has actively supported candidates running for elected office as Republicans. Blagojevich is a Democrat and was elected Governor as a Democrat. Bisluk is employed as a Liquor Control Special

Agent I with the Commission, which is a division of the Illinois Department of Revenue.  Employees holding Liquor Control Special Agent I positions and Liquor Control Special Agent II positions are responsible for enforcing liquor control laws and are assigned duties within a specific geographic region of the state of Illinois.  Bisluk alleges that at all relevant times, the duties and responsibilities of the Liquor Control Special Agent I position "were generally the same as those performed by a Liquor Control Special Agent II." First Amended Complaint, ¶ 27.  According to Bisluk, neither position had either policymaking responsibility or responsibilities that required a confidential relationship with a policymaking official.

Throughout her employment with the Liquor Control Commission, Bisluk has been assigned work responsibilities in Cook County or counties adjacent to Cook County.  In Fall 2006, Bisluk became aware that an individual holding the position of Liquor Control Special Agent II in the metro-east area of southern Illinois was going to retire sometime during the year 2007.  Bisluk informed her supervisor that she would like to transfer from Cook County to the region that would be vacant after the anticipated retirement.  Bisluk alleges that her supervisor made inquiries with various officials in the Commission and then informed Bisluk "that her transfer

3

request could be approved." First Amended Complaint, ¶ 33. The anticipated retirement occurred in 2007. At that point, the vacant Liquor Control Special Agent II position was assigned to a male and relocated to Adams County, Illinois, leaving the metro-east region vacant. Id., ¶ 34. Bisluk informed various officials of the Commission that she was interested in transferring to that region. She was informed that the transfer could not be effected until a vacancy was announced for such a position. Bisluk monitored vacancy announcements for either a Liquor Control Special Agent I or Liquor Control Special Agent II position in southern Illinois, but no such announcement was made.

On May 16, 2008, a Liquor Control Special Agent II position was filled by Becky McClure in approximately the same region that Bisluk had been seeking to transfer. First Amended Complaint, ¶ 41. McClure had not previously been employed by the state of Illinois. According to Bisluk, the Liquor Control Special Agent II position filled by McClure had previously been located in Cook County. Bisluk alleges that McClure is a Democrat and that, prior to her assignment to the Liquor Control Special Agent II position, McClure held an elective position in Randolph County, Illinois. Bisluk further asserts that McClure secured her position with the support

and assistance of individuals who were political supporters of Blagojevich. According to Bisluk, McClure was less qualified to hold the position that was awarded to her than Bisluk was.

Count V alleges that Defendant Blagojevich "participated in denying" Bisluk reassignment to the desired geographic location. First Amended Complaint, p. 16, ¶ 48.[1] Bisluk alleges that, at the same time, Blagojevich: (1) permitted other Liquor Control Special Agents to transfer to geographic regions closer to their residences and (2) participated in hiring McClure. Id.

The First Amended Complaint contains that following allegations that were not included in Bisluk's original Complaint. Bisluk alleges on information and belief that, at all relevant times, the Office of the Governor had a system in place under which it controlled hiring for vacant positions in state agencies under the jurisdiction of the Governor. First Amended Complaint, ¶ 22. Bisluk describes the system as follows. The Office of the Governor filled personnel director positions in state agencies with persons who had political allegiance to the Governor. The Office of the Governor

---

[1] Paragraphs 1 through 45 are common to all counts of the First Amended Complaint; however, each count of the First Amended Complaint begins with a paragraph numbered 46, causing overlap. For clarity, the Court will cite paragraphs greater than 45 by page and paragraph number.

compiled a database of individuals seeking positions in state government who were either loyal to the Governor or were sponsored by a person loyal to the Governor. The Office of the Governor then used this database to place those individuals in state government jobs. An agency could not fill a vacant position until approval to fill the position had been secured from the Office of the Governor. The Office of the Governor often would not approve filling a position unless it had a candidate who was qualified for the position in its database. When the Governor's Office approved filling a position, the Office of the Governor would forward the name of its preferred candidate to the agency with a vacancy. Once a desired candidate was selected for a vacant position, the agency would forward the candidate's name to the Office of the Governor for approval before an employment offer was extended. Normally, the Office of the Governor would not approve the hiring of a candidate other than the one that it had previously recommended to the agency. Id., ¶ 23. Bisluk asserts that, through this system, "the Office of the Governor controlled the process of filling positions in state government to favor individuals who were either politically loyal to [the] Governor or were supported or sponsored by individuals politically loyal to the Governor." Id., ¶ 24. Bisluk further asserts that the

system was used to fill positions that did not have policy making responsibilities or require confidential relationships with the Governor or other executive level officials. Id., ¶ 22.

Bisluk alleges the following on information and belief:

Defendant, Rod Blagojevich, either: a) directed that the hiring of individuals for positions in state government including, but not limited to, the hiring of Becky Doyle for the position of Liquor Control Special Agent II be undertaken pursuant to the system described . . . above, or b) was aware of that hiring system and consented to its use.

First Amended Complaint, p. 16, ¶ 47.[2]

Bisluk alleges that the actions described above were undertaken in order to award positions in state government to individuals who were either politically loyal to Blagojevich or supported by individuals who supported Blagojevich. First Amended Complaint, p. 17, ¶ 49. Bisluk was neither a political supporter of Blagojevich nor was she supported by individuals who had supported Blagojevich. Id. Bisluk seeks declaratory judgment, an injunction requiring Defendants to assign her to the region to which she

---

[2]Blagojevich notes that the reference to Becky Doyle appears to be a scrivener's error and hypothesizes that Bisluk "presumably intended to refer to herself." Memorandum of Law in Support of Defendant Blagojevich's Motion to Dismiss Amended Complaint (d/e 42), p. 5 n.2. However, it is clear in context that the reference should be to Becky McClure, the individual who was hired for the position at issue in the present case. See First Amended Complaint, p. 16-17, ¶ 48.

7

sought reassignment, and monetary damages. First Amended Complaint, p. 22-23.

## ANALYSIS

Blagojevich moves to dismiss Count V for failure to state a claim under Rule 12(b)(6). Blagojevich also asks the Court to dismiss and strike reference to any claim against Blagojevich in his official capacity pursuant to Rule 12(f) and this Court's Opinion, dated January 27, 2010. As set forth below, Bisluk's claim against Blagojevich in his official capacity is dismissed. The Motion to Dismiss is denied in all other respects.

I.   OFFICIAL CAPACITY CLAIM

The Court previously dismissed Bisluk's claim against Blagojevich in his official capacity for lack of subject matter jurisdiction, noting that, because Blagojevich is no longer the Governor of Illinois, he no longer has the authority to provide prospective equitable relief. Opinion, dated January 27, 2010, p. 7-8. However, Bisluk's First Amended Complaint again alleges claims against Defendant Blagojevich in both his individual capacity and, "for purposes of implementing equitable relief," in his official capacity. First Amended Complaint, ¶ 7. Blagojevich moves to dismiss and strike the official capacity claim in the First Amended Complaint under

8

Federal Rule of Civil Procedure 12(f). Bisluk concedes that Blagojevich cannot be sued in his official capacity in this case and explains that the reference to an official capacity claim in the First Amended Complaint was an inadvertent scrivener's error. <u>Memorandum of the Plaintiff, Theresa Bisluk, in Opposition to the Motion of the Defendant, Rod Blagojevich, Seeking the Dismissal of her First Amended Complaint (d/e 45) (Bisluk Response)</u>, p. 2 n. 2. Therefore, the official capacity claim alleged against Defendant Blagojevich in the First Amended Complaint is dismissed for the reasons stated in this Court's prior Opinion, dated January 27, 2010. The reference to an official capacity claim against Blagojevich in ¶ 7 of the First Amended Complaint is stricken.

## II.  INDIVIDUAL CAPACITY CLAIM

Blagojevich asserts that Count V should be dismissed in its entirety for failure to state a claim. <u>See</u> <u>Fed. R. Civ. P.</u> 12(b)(6). To withstand the Motion to Dismiss, Count V, viewed in the light most favorable to Bisluk, must set forth a short and plain statement showing that Bisluk is entitled to relief. <u>Fed. R. Civ. P.</u> 8(a); <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 559-63 (2007); <u>Airborne Beepers & Video, Inc. v. AT & T Mobility LLC</u>, 499 F.3d 663 (7th Cir. 2007). The allegations must plausibly suggest

9

that Bisluk is entitled to relief. Twombly, 550 U.S. at 569 n.14. "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009). As the Supreme Court has recognized, "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950.

As the Court recognized in its earlier opinion, the doctrine of respondeat superior does not apply in § 1983 cases. See Sanville v. McCaughtry, 266 F.3d 724, 740 (7th Cir. 2001). Therefore, to succeed on Count V against Blagojevich in his individual capacity, Bisluk must establish that Blagojevich was personally involved or acquiesced in the alleged constitutional violation. See Gentry v. Duckworth, 65 F.3d 555, 561 (7th Cir. 1995). Blagojevich asserts that Bisluk's amended allegations are insufficient to state a claim, given this standard. The Court disagrees.

Bisluk again alleges that Blagojevich "participated in denying" her a reassignment to her desired geographic location, permitted other Liquor

10

Control Special Agents to transfer to geographic regions closer to their residences, and "participated" in hiring McClure. <u>First Amended Complaint</u>, p. 16-17, ¶ 48. However, Bisluk's First Amended Complaint specifically alleges that Blagojevich participated in McClure's hiring by directing that the hiring of individuals for positions in state government be undertaken pursuant to a system established within the Office of the Governor or that Blagojevich was aware of the hiring system and consented to its use. The First Amended Complaint sets out a detailed description of the system that was established in the Office of the Governor. The Court finds these allegations sufficient to state a claim against Defendant Blagojevich. Bisluk's "[f]actual allegations must be enough to raise a right to relief above the speculative level." <u>Twombly</u>, 550 U.S. at 555. A claim is deemed "plausible" when there are "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" that supports the plaintiff's allegations. <u>Id.</u> at 556. Count V of the First Amended Complaint, read together with ¶¶ 22-24, meets this standard. Therefore, Blagojevich's request to dismiss Bisluk's claim against him in his individual capacity is denied.

CONCLUSION

THEREFORE, Defendant Rod Blagojevich's Motion to Dismiss Plaintiff's Amended Complaint (d/e 41) is ALLOWED, in part, and DENIED, in part. The official capacity claim alleged against Defendant Blagojevich in the First Amended Complaint is dismissed. The reference to an official capacity claim against Blagojevich in ¶ 7 of the First Amended Complaint is stricken. The Motion is denied in all other respects. The matter is referred to Magistrate Judge Byron G. Cudmore for scheduling.

IT IS THEREFORE SO ORDERED.

ENTER: May 11, 2010

    FOR THE COURT:

                                s/ Jeanne E. Scott
                                JEANNE E. SCOTT
                      UNITED STATES DISTRICT JUDGE